Case 3:06-cv-00906-TJC-PDB   Document 12   Filed 04/16/08   Page 1 of 8 PageID 155

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

vs.   Case No. 3:03-cr-343-J-32HTS
　　　　　　　　　　　　　　　　　3:06-cv-906-J-32HTS

GINO VALEZ SCOTT,

　　　Defendant/Petitioner

---

## **ORDER**[1]

This case is before the Court on Petitioner Gino Valez Scott's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), Respondent United States' Response (Doc. 8) and Petitioner's Reply (Doc. 11.) In accordance with the rules governing Section 2255 petitions, the Court has determined that an evidentiary hearing is not needed to decide this case.

I. Background

The government indicted Petitioner and another man, Jose Tamayo, on November 19, 2003. (Crim. Doc. 1.)[2] The single count of the indictment charged the two men with conspiracy to possess with intent to distribute five or more kilograms of

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Petitioner's criminal case file, 3:03-cr-343-J-32HTS, are denoted as "Crim. Doc. ___." Citations to Petitioner's civil § 2255 case file, 3:06-cv-906-J-32HTS, are denoted as "Doc. ___."

cocaine. (Id.) Tamayo pleaded guilty pursuant to a plea agreement on May 6, 2004. (Crim. Doc. 56.) Petitioner went to trial and the jury returned a guilty verdict on June 30, 2004. (Crim. Doc. 89.) This Court sentenced him to life in prison on September 28, 2004. (Crim. Doc. 109.)

Petitioner timely appealed his conviction, raising the following issues on appeal: (1) whether the trial court erred by denying a continuance; (2) whether alleged prosecutorial misconduct violated Petitioner's due process rights; (3) whether the trial court erred by admitting certain financial evidence; (4) whether the evidence was sufficient to establish a conspiracy between Petitioner and Tamayo; and (5) alleged ineffective assistance of trial counsel. (Crim. Doc. 129.) The Eleventh Circuit affirmed Petitioner's conviction on June 15, 2005. (Id.) The Supreme Court denied certiorari on October 17, 2005. (Doc. 8-5.) Petitioner timely filed this 2255 motion on October 13, 2006. (Doc. 1.)

## II. Legal Standard

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of

justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

An allegation of ineffective assistance of counsel must normally be raised by collateral attack. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). To establish an ineffective assistance of counsel claim a defendant must demonstrate: (1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Id. at 691-92. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. A court must afford a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance; a defendant must overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy. Id. (citation omitted). However, a court need not address the adequacy of counsel's performance where the defendant has failed to show sufficient prejudice. Strickland, 466 U.S. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

## III.  Discussion

Petitioner raises three claims in support of his motion, all under the general assertion that he received ineffective assistance of counsel:  (1) counsel failed to fully advise Petitioner during plea negotiations; (2) counsel failed to investigate issues raised by Petitioner; and (3) counsel failed to move for a mistrial.

### A.  Petitioner was effectively represented during plea negotiations

Petitioner claims that he was denied the effective assistance of counsel because his attorney "denied him the opportunity to make an intelligent choice of whether to plead guilty by failing to advise him he faced a mandatory life sentence" which could have potentially been avoided with a straight plea.  (Doc. 2 at 7.)  To succeed on this claim, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499 (11th Cir. 1995) (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985).

While not explicitly stated through an affadavit, the Court assumes that Petitioner now asserts that if he were advised of the potential life sentence at the time, he would have pleaded guilty.  However, the Eleventh Circuit has held that "after the fact testimony concerning [a] desire to plead, without more, is insufficient to establish

4

that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991).  Petitioner has submitted nothing in support of this assertion.  Indeed, the record directly contradicts an implication that Petitioner would have entertained a guilty plea or that he did not comprehend the potential consequences a trial held.  See Doc. 8-6 (letter to defense counsel noting past plea discussions and stating "[i]f Mr. Scott is convicted at trial, the United States will urge the Court to impose a life sentence"); Doc. 8-7 (affidavit by defense counsel noting that he repeatedly told Petitioner about the potential for a life sentence and the possibility to reach a plea agreement "with or without cooperation" and stating that Petitioner retained another attorney to help with trial in part due to counsel's "most vehement recommendation that [Petitioner] not go to trial and engage with the Government in a plea agreement").  The record indicates that Petitioner made a knowing and voluntary decision to go to trial rather than plead guilty. Accordingly, there was no deficient performance and no prejudice.

### B.  Petitioner was not prejudiced by counsel's alleged failure to investigate

Petitioner claims that he was denied the effective assistance of counsel when his lawyer failed to investigate the background of the government's confidential informant, Freddy Pena.  (Doc. 2 at 5-6.)  Petitioner also claims that, despite an express request, his lawyer failed to interview unnamed individuals who could have provided exculpatory evidence regarding CDs Petitioner cashed.  (Doc. 2 at 5-6.) The

government argued at trial that the CDs were cashed to fund Petitioner's cocaine purchase. See Doc. 8 at 10.

The Court need not determine whether counsel's performance was deficient on either claim because Petitioner cannot show that he was prejudiced by counsel's failure to investigate. See United States v. Hilliard, 752 F.2d 578, 581 (11th Cir. 1985). While defense counsel did state on the record that he did not have time to investigate Pena's background, Petitioner fails to show what additional information could have been uncovered to further impeach the witness at trial. Indeed, the trial transcript shows that defense counsel elicited a number of damaging admissions from Pena on the stand. See Doc. 95 at 274-85; 300-01 (explaining that Pena had a prior heroin conviction, was a paid DEA informant, had no formal training, and considered his work "lucrative"). While Petitioner claims that counsel failed to investigate the "previous felony conviction(s) and other cases in which [Pena] testified as a paid informant," Doc. 2 at 5, these issues were developed on cross-examination and would only have been cumulative if further explored at trial. No other evidence has been provided to the Court of what a further investigation of Pena's background would have uncovered. Similarly, Petitioner cannot show prejudice in relation to counsel's failure to interview witnesses on the cashed CDs. Petitioner has not provided the identities of these alleged witnesses to the Court or a proffer of their testimony. Strickland requires that to prove prejudice, Petitioner must show a reasonable probability that,

but for counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.  There has been no such showing here.  See Hilliard, 752 F.2d at 581 ("Appellant has failed to provide any examples of evidence that would have been introduced or new lines of defense that could have been pursued if her attorney had interviewed the government's witnesses").  Accordingly, Petitioner's claim on this ground will be denied.

### C.  Petitioner was not prejudiced when his lawyer did not ask for a mistrial

The claim that Petitioner received ineffective assistance of counsel because his lawyer did not request a mistrial is without merit.  At trial and despite an admonition to the witness from the Court, a government witness mentioned Petitioner's previous incarceration.  (Crim. Doc. 96 at 121.)  After deliberation over the lunch hour, Petitioner decided not to seek a mistrial or request a curative instruction from the Court  (Id. at 129.)  Despite this decision, the Court addressed the law on whether a mistrial would have been granted under the circumstances.  The Court stated, "And when we got too close to [the fact of Petitioner's previous incarceration], this is what happened.  And I'm sorry it happened.  And I wish it hadn't.  But the law, I think, is very clear that the remedy is a curative instruction, if the defendant wants one, not a mistrial." (Id. at 136.)  Therefore, the Court finds that any motion for mistrial made by defense counsel would have been futile because that motion would have been denied. Therefore, Petitioner cannot establish a Sixth Amendment violation in regard

to this claim.

Accordingly, and with due consideration, it is hereby

**ORDERED**:

Gino Valez Scott's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment in favor of the United States and against Gino Valez Scott, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record